**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| DONALD W. DUNLAP,<br><br>        Plaintiff - Appellant,<br><br>    v.<br><br>ANCHORAGE POLICE DEPARTMENT;<br>et al.,<br><br>        Defendants - Appellees. | No. 12-35991<br><br>D.C. No. 3:10-cv-00242-SLG<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Submitted October 6, 2014[**]
San Francisco California

Before: THOMAS, Chief Judge and D.W. NELSON and LEAVY, Circuit Judges.

Donald Dunlap ("Dunlap") appeals the district court's grant of summary

judgment to the defendant-appellees. We have jurisdiction pursuant to 28 U.S.C.

§ 1291, and we affirm in part, reverse in part and remand.

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court did not err in granting summary judgment to defendant-appellees regarding Officer Shaun Henry's initial contact with Dunlap. Officer Henry conducted a lawful *Terry* stop. *Terry v. Ohio*, 392 U.S. 1, 21 (1968). Officer Henry observed Dunlap at 3:00 A.M., backed into a parking space in a dark, vacant lot. Dunlap had his headlights off and his engine running. These circumstances authorized Officer Henry's initial contact with Dunlap. *Id.* at 22 ("[A] police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest."); *see also Illinois v. Wardlow*, 528 U.S. 119, 123 (2000) ("In *Terry*, we held that an officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot."). Moreover, Officer Henry's request for identification also was reasonable. *See, e.g.*, *Hiibel v. Sixth Judicial Dist. Court*, 542 U.S. 177, 186 (2004) (holding "questions concerning a suspect's identity are a routine and accepted part of many *Terry* stops"); *United States v. Christian*, 356 F.3d 1103, 1106 (9th Cir. 2004) ("[D]etermining a suspect's identity is an important aspect of police authority under *Terry*.").

The district court also did not err in granting summary judgment to defendant-appellees regarding Officer Henry's investigative search of Dunlap's car. Officer Henry conducted a lawful *Terry* search. *Terry*, 392 U.S. at 24, 27. When Officer Henry saw the rifle in plain view on Dunlap's passenger seat and when Dunlap refused to answer questions about whether he had any concealed weapons, Officer Henry could have possessed a reasonable belief that Dunlap was both armed and dangerous. *Id.*; *see also Michigan v. Long*, 463 U.S. 1032, 1047 (1983) (noting "investigative detentions involving suspects in vehicles are especially fraught with danger to police officers"). Thus, Officer Henry was authorized to order Dunlap to exit his car and to conduct a *Terry* search. *Cf. Long*, 463 U.S. at 1048, 1050 (upholding investigatory search considering, among other factors, that "[t]he hour was late," "the area rural" and the officers saw a large knife in the suspect's car).

The district court erred in granting summary judgment to defendant-appellees regarding Dunlap's arrest because the district court incorrectly interpreted Anchorage Municipal Code § 8.25.020(A)(1). At the time of Dunlap's arrest, the municipal code contained the following provision: "Nothing in this section shall be construed to prohibit an individual who may legally possess a firearm under state and federal law from (1) [c]arrying a weapon in a vehicle so

3

long as the weapon is not also concealed *on the person* of an occupant of the vehicle." Anchorage, Alaska Mun. Code § 8.25.020(B) (2006) (emphasis added). Dunlap was legally authorized to possess a firearm. *See* Alaska Stat. §§ 11.61.190, 11.61.195, 11.61.200, 11.61.210, 11.61.220. Since Dunlap was authorized to possess a firearm, he also was permitted to have the weapons found in his car because none of them was concealed on his person. *See De Nardo v. State*, 819 P.2d 903, 906–07 (Alaska Ct. App. 1991). After the district court decided this case, however, the Supreme Court decided *Heien v. North Carolina*, 135 S. Ct. 530, 534 (2014) (holding an officer's reasonable mistake about the law when conducting a stop does not render it unlawful under the Fourth Amendment). We therefore reverse the district court's grant of summary judgment on this ground. We remand for consideration of whether Dunlap's arrest was lawful under *Heien*, and, if not, whether Officer Henry is entitled to qualified immunity.

**AFFIRMED in part; REVERSED in part; REMANDED.**

**Each side shall bear its own costs.**

*Dunlap v. Anchorage Police Dep't*, 12-35991
LEAVY, Circuit Judge, concurring in part and dissenting in part:

I agree with the majority that the investigatory stop and search of Dunlap's vehicle were lawful. I dissent from the decision to reverse and remand because Officer Henry had probable cause to arrest Dunlap for failing to immediately notify him of the two concealed loaded pistols within reach in the vehicle.

Alaska state law requires that, when contacted by a peace officer, a person possessing a concealed deadly weapon "on the person" must "immediately inform the peace officer of that possession or allow the peace officer to secure the deadly weapon." Alaska Stat. § 11.61.220(a)(1)(A)(i). An Anchorage municipal ordinance expands the notification requirement under state law and provides that if a "firearm" is "concealed about his or her person in any manner," the person when contacted by a peace officer must "immediately inform the peace officer of that possession and allow the peace officer to secure the firearm." Anchorage Municipal Code § 8.25.020(A)(1)(a)(i). Neither the state law nor the local ordinance prohibit the lawful *possession* of concealed firearms - on the person, about the person, and in a vehicle. The requirement of notification under state law is limited to deadly weapons "on the person." The requirement of notification under the municipal law applies only to "firearms," and more broadly to firearms "concealed about his or her person in any manner." Here, Dunlap failed to

immediately notify Officer Henry of a loaded pistol in a fanny pack on the passenger seat and a loaded pistol in between the front passenger seat and the center console.

The municipal requirement of disclosure of concealed firearms is a well-designed provision to enhance the safety of the occupant of a vehicle, as well as the safety of the officer, by requiring the occupant to tell the officer whether he has firearms within his reach, even though the lawful possession of concealed firearms in the vehicle is perfectly legal under both municipal and state law. The requirement of disclosure does not diminish Dunlap's right to lawfully possess and carry concealed weapons in his car. Nor does a truthful answer, which contributes much to safety, require Dunlap to incriminate himself in any way.

It is immaterial that Dunlap was cited for violating the Alaska state statute requiring notification, rather than the Anchorage municipal ordinance requiring notification, because the police officer need not show that probable cause existed to arrest for the crime charged. As long as "the facts known to the arresting officer at the time of the arrest" supported probable cause for any offense, the arrest is proper. *Devenpeck v. Alford*, 543 U.S. 146, 152-53 (2004).

In summary, Officer Henry, in the course of enforcing state laws and the municipal laws of Anchorage, had probable cause to arrest Dunlap for failure to

notify him of the concealed loaded pistols within Dunlap's reach in Dunlap's car.

Because notification was required in this situation, Officer Henry did not make a

mistake of law. His only mistake was citing the wrong provision of the law.